IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Criminal No. 2:22-cr-125 |
| v. | ) | |
| | ) | (18 U.S.C. §§ 1347 and 2) |
| LARRY J. GOISSE, JR. | ) | |

**INFORMATION**

**COUNTS ONE THROUGH FIVE**

The United States Attorney charges:

1. At all times material to this Information:

    a. The Centers for Medicare and Medicaid Services, also known as CMS, was a federal agency within the United States Department of Health and Human Services, which administered the Medicare program.

    b. Medicare was a health care benefit program, as defined in Title 18, United States Code, Section 24(b), which provided medical assistance and related services to individuals. CMS administered the Medicaid program at the federal level.

    c. The Medicare program included coverage under three primary components, hospital insurance (Part A), medical insurance (Part B), and prescription drugs (Part D). Part B of Medicare covered the cost of physicians' services and other ancillary services not covered by Part A. Part D of Medicare provides for prescription drug coverage. The claims at issue in this Information were submitted under Part B of the Medicare program.

    d. By becoming a participating provider in Medicare, enrolled providers agreed to abide by the policies and procedures, rules, and regulations governing reimbursement. To receive Medicare funds, enrolled providers, together with their authorized agents, employees, and contractors, were required to abide by all the provisions of the Social

Security Act, the regulations promulgated under the Act, and applicable policies and procedures, rules, and regulations, issued by CMS and its authorized agents and contractors. Upon certification, the medical provider, whether a clinic or an individual, was assigned a provider identification number for billing purposes (referred to as a "PIN"). When the medical provider rendered a service, the provider submitted a claim for reimbursement to the Medicare contractor/carrier that included the PIN assigned to that medical provider. When an individual medical provider was associated with a clinic, Medicare Part B required that the individual provider number associated with the clinic be placed on the claim submitted to the Medicare contractor.

    e. Health care providers were given and/or provided with online access to Medicare manuals and services bulletins describing proper billing procedures and billing rules and regulations. Providers could only submit claims to Medicare for services they rendered, and providers were required to maintain patient records to verify that the services were provided as described on the claim form.

    f. To receive reimbursement for a covered service from Medicare, a provider was required to submit a claim, either electronically or using a form (*e.g.*, a CMS-1500 form or UB-92), containing the required information appropriately identifying the provider, patient, and services rendered.

    g. The defendant, LARRY J. GOISSE, JR, was a licensed nurse practitioner in the Commonwealth of Pennsylvania. Effective September 11, 2018, the Pennsylvania State Board of Nursing suspended the defendant's license to practice as a certified registered nurse practitioner with prescriptive authority in the Commonwealth of Pennsylvania.

**The Scheme to Defraud**

2. From in and around September 2018, and continuing thereafter to in and around January 2019, the defendant, LARRY J. GOISSE, JR, caused false claims to be submitted to Medicare because on the dates specified as to each count below, the defendant, LARRY J. GOISSE, JR, was not licensed to practice as a certified registered nurse practitioner in the Commonwealth of Pennsylvania and was not entitled to reimbursement for patient services from Medicare.

3. On or about the dates specified as to each count below, in the Western District of Pennsylvania and elsewhere, the defendant, LARRY J. GOISSE, JR, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud a health care benefit program and affecting interstate commerce, that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program by submitting false and fraudulent claims for reimbursement for office visits, for the following beneficiaries on the dates set forth below:

| Count | Medicare Beneficiary | Claim Date |
|---|---|---|
| 1 | M.M | 09/18/2018 |
| 2 | L.G. | 09/22/2018 |
| 3 | C.N. | 09/26/2018 |
| 4 | J.S. | 09/29/2018 |
| 5 | T.E. | 10/08/2018 |

All in violation of Title 18, United States Code, Sections 1347 and 2.

CINDY K. CHUNG
United States Attorney
PA ID No. 317227

ROBERT S. CESSAR
Assistant United States Attorney
PA ID No. 47736